IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IGOR JOSIFOV,<br><br>  Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>TAYEB AL-HAFEZ and AL'MYRA COMMUNICATIONS, LLC,<br><br>  Defendants/Counterclaimants. | CV 22-121-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

United States Magistrate Judge Kathleen DeSoto filed Findings and Recommendations in this matter on October 17, 2024. (Doc. 49). Judge DeSoto recommended the Court grant Plaintiff Igor Josifov's Motion for Entry of Default (Doc. 45) against Defendant Al'Myra Communications, LLC for failure to retain counsel as an entity in federal court.

Judge Desoto further recommended the Court strike Al'Myra Communications' answer pursuant to Federal Rule of Civil Procedure 55(a) and counterclaims pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute and comply with the Court's orders. (Doc. 49 at 8).

After this Court granted an extension, Al'Myra Communications timely objected to the Findings and Recommendations on December 28, 2024. (Doc. 73). Josifov responded to the objections on January 13, 2025. (Doc. 85). For the

1

following reasons, the Court adopts the Findings and Recommendations (Doc. 49) in full.

I. **Background**

The parties do not object to Judge DeSoto's factual findings. As a result, the Court adopts the facts set out by Judge DeSoto.

Josifov is a resident and citizen of Kavadarci, Republic of Macedonia. (Doc. 49 at 1). Al-Hafez is a United States resident and citizen and is the sole owner of Al-Myra Communications. (*Id.*). In October 2022, Josifov commenced an action against Al-Hafez and Al'Myra Communications alleging breach of contract, several state law claims, and a federal statutory claim. (*Id.*). Due to Josifov's difficulties with completing international service of the complaint, Al-Hafez and Al'Myra Communications answered and counterclaimed in March 2023. (*Id.* at 2).

Judge DeSoto held a preliminary pretrial conference on May 17, 2023, to establish discovery and motions deadlines. (*Id.* at 2; Docs. 22, 23). Between December 2023 and July 2024, Judge DeSoto granted several motions to extend deadlines. (Doc. 49 at 2; Docs. 25, 31, 35). On July 1, 2024, Judge DeSoto held a discovery status conference at the joint request of the parties. (Doc. 49 at 2; Doc. 34). At the conference, the parties agreed to extend the discovery deadline to January 24, 2025, and the motions deadline to March 21, 2025. (Doc. 35).

Approximately two weeks after the status conference, counsel for Al-Hafez and Al'Myra Communications moved to withdraw from the case. (Doc. 39). The Court granted the withdrawal and ordered Al-Hafez and Al'Myra Communications to advise the Court whether they retained new counsel or intended to proceed pro se by August 14, 2024. (Doc. 41).

Al-Hafez and Al'Myra Communications did not comply with the Court's order, so on August 21, 2024, Judge DeSoto issued an order presuming Al-Hafez would proceed pro se. (Doc. 44). However, because a limited liability company cannot represent itself in federal court, Judge DeSoto provided Al-Myra Communications with a September 6, 2024, deadline to file notice of appearance of new counsel. (*Id.*). Judge DeSoto advised Al-Myra that if it did not meet the deadline, default might be entered against it pursuant to Federal Rule of Civil Procedure 55(a) and its counterclaims could be stricken pursuant to Rule 41. (*Id.*).

By the September 6 deadline, no new counsel appeared on Al'Myra Communications' behalf. On September 23, 2024, Josifov filed a Motion for Entry of Default and asked the Court to strike Al'Myra Communications' counterclaims for failure to prosecute and comply with the Court's orders. (Doc. 45). Judge DeSoto issued her Findings and Recommendations on October 17, 2024, granting Josifov's Motions and striking Al'Myra Communications' answer and counterclaims. (Doc. 49).

3

## II. Legal Standard

The parties are entitled to a de novo review of those findings to which they have "properly objected." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). An objection is proper if it "identif[ies] the parts of the magistrate's disposition that the party finds objectionable and present[s] legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Mont. Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* Objections are not "a vehicle for the losing party to relitigate its case." *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009) (citation omitted).

The portions of the findings and recommendations not properly objected to or not objected to by any party will be reviewed for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *McMillan v. United States*, 112 F.3d 1040, 1044 (9th Cir. 1997) (citation omitted). The court may accept, reject, or modify, in whole or in part, those findings and recommendations objected to. 28 U.S.C. § 636(b)(1).

The District of Montana Local Rule 72.3(a) provides that an objection to a magistrate judge's findings and recommendations must itemize:

> (1) each factual finding of the magistrate judge to which objection is made, identifying the evidence in the record the party relies on to contradict that finding; and
>
> (2) each recommendation of the magistrate judge to which objection is made, setting forth the authority the party relies on to contradict that recommendation.

D. Mont. L. R. 72.3(a).

### III. Discussion

The Court finds Al'Myra Communications' objections to Judge DeSoto's Findings and Recommendations are improper. At the outset, Al'Myra Communications' objections are procedurally improper because it continues to violate the local rules and Judge DeSoto's orders by appearing without an attorney. The local rules require that "[a]ny entity other than an individual . . . may appear only by an attorney." Local Rule 83.8. Because Al'Myra Communications is a limited liability company, it qualifies as an entity and must retain counsel to litigate in federal court. Even without counsel, Al'Myra Communications' objections are substantively improper because they neither contradict Judge DeSoto's factual findings with record evidence nor present legal authority to support a contrary result. Therefore, the Court shall review the Findings and Recommendations for clear error.

Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *McMillan v. United States*, 112 F.3d 1040, 1044 (9th Cir. 1997) (citation omitted). It is significantly deferential to the lower court, in this case, the magistrate's findings and recommendations. *Id.* Under this standard, the Court will first review Judge DeSoto's recommendation for entry of default and second, Judge DeSoto's recommendation for dismissing Al'Myra Communications' counterclaims.

*A.   Entry of Default*

Judge DeSoto recommended that default should be entered against Al'Myra Communications because it failed to retain new counsel after the Court ordered Al'Myra to comply with Local Rule 83.8—requiring legal representation for entities in federal court. Judge DeSoto similarly recommended that Al'Myra Communications' answer and defenses be stricken because it failed to retain new counsel after the withdrawal of its initial counsel.

Al'Myra Communications, filing pro se, argues that the recommendations do not adequately consider its good-faith efforts to comply with the litigation process. (Doc. 73 at 2). Al'Myra Communications demonstrates a good-faith effort through participation in discovery, participation in settlement negotiations, and attempts to secure counsel despite its financial hardships. (*Id.* at 2, 6). Pertinent here, Al'Myra Communications explains it was "financially unable to retain counsel and

6

was compelled to default, ultimately deciding to make further concessions in an effort to achieve settlement resolution." (*Id.* at 4). Al'Myra states that it attempted to prevent default when it motioned for court appointed counsel (Doc. 59) but was denied. (Doc. 73 at 4).

While Al'Myra Communications accurately restates record evidence, it does not establish how or why that evidence contradicts Judge DeSoto's findings. The Court agrees with Josifov that Al'Myra Communications' good-faith efforts do not bear on Judge DeSoto's Findings and Recommendations and much less "demonstrate error by [her]." (*See* Doc. 85 at 3).

An entity cannot represent itself in federal court and may only defend an action through counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also*, Local Rule 83.8. When a party has failed to "otherwise defend" an action, then the clerk must enter the party's default. Fed. R. Civ. P. 55(a).

Here, Judge DeSoto gave Al'Myra Communications almost two months to retain new counsel. Judge DeSoto expressly cautioned Al'Myra Communications that if it did not comply with Local Rule 83.8 and the Court's order, then default judgment could be entered against it. (Doc. 44). Al'Myra Communications attempted to remedy its situation by requesting court-appointed counsel. It motioned the Court on December 11, 2024, approximately two months after Judge

7

DeSoto issued her finding for entry of default. (Doc. 58). Despite its delayed motion, Judge DeSoto considered the court-appointed counsel request but denied the motion. (Doc. 75). "A person has no right to counsel in civil actions," unless the party can show that exceptional circumstances apply. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Court agrees with Judge DeSoto that Al'Myra Communications made no such showing when it requested counsel. (Doc. 75 at 2). Nor has it made such a showing now. Ultimately, Al'Myra Communications never appeared by counsel. Therefore, the Court finds that entry of default was proper.

Consequently, the Court finds that Judge DeSoto did not err in recommending that Al'Myra Communications' answer and defenses be stricken. "When a corporation or other entity defendant fails to retain counsel to represent it in an action, its answer may be stricken and the court may enter default against it." (Doc. 49 at 4) (citing *Consumer Financial Protection Bureau v. Global Financial Support, Inc.*, 2020 WL 487446, at *2 (S.D. Cal. Jan. 30, 2020))). "Procedurally, courts have stricken the answers of corporate defendants who have failed to defend themselves, directed entry of default, and then allowed the plaintiff move for default judgment." *Crandall v. Semillon Inc.*, 2016 WL 4479397, at *2 (S.D. Cal. Aug. 25, 2016). *See also QK Healthcare, Inc. v. Trimmed Medical Wholesalers, Inc.*, 2018 WL 5211710, at * 1 (C.D. Cal. Jan. 10, 2018) (advising corporate defendants that if they "do not retain counsel promptly after [defense counsel's]

withdrawal, the Court will strike their answers and enter default against them"); *Prime Property and Casualty Ins. Co. V. G Uber, LLC*, 2023 WL 11887382 at *1 (D. S.C. May 9, 2023) (explaining that a corporation or other entity's "failure to retain new counsel after the withdrawal of its initial counsel is a valid basis for a court to enter a default and a default judgment against the corporation, notwithstanding that it (through counsel) had previously filed an answer to the complaint"). Because Al'Myra Communications continually failed to retain counsel, the Court finds that Judge DeSoto had a valid basis to strike Al'Myra's answer.

In sum, when Al'Myra failed to comply with local rules and the Court's orders, Judge DeSoto's recommendation to enter default and strike Al'Myra's answer and defenses was proper.

B.  *Dismissal of Counterclaims*

Next, Judge DeSoto recommended that the Court strike Al'Myra Communications' counterclaims pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute and comply with the Court's orders. Fed. R. Civ. P. 41(b)–(c). Rule 41 permits a defendant to move to dismiss the action or claim against it if a plaintiff fails to prosecute or comply with a court order. *Id.* 41(b). The rule also applies to counterclaims. *Id.* 41(c). As such, Rule 41 applies to Al'Myra Communications' counterclaims against Josifov. Before determining whether to

9

dismiss the counterclaims, Judge DeSoto weighed five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4); the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits" *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986); (Doc. 49).

Judge DeSoto found the first two factors weighed in favor of dismissal because Al'Myra Communications' failure to comply with the Court's order requiring it to retain new counsel "impeded the efficient administration of judicial business." (Doc. 49 at 6). The third factor weighed in favor of dismissal because Josifov would be prejudiced if the counterclaims were permitted to linger indefinitely while Al'Myra Communications failed to take necessary steps to adjudicate its counterclaims. (*Id.* at 7). The fourth factor weighed in favor of dismissal because Judge DeSoto had considered less drastic alternatives such as permitting Al'Myra Communications additional time to retain counsel. The last factor weighed against dismissal because it would not allow the parties to dispose of the case on the merits. However, Judge DeSoto reasoned that because Al'Myra Communications failed to take necessary steps to move the case forward, "disposition on the merits appear[ed] unlikely." (*Id.*). Ultimately, the first four factors outweighed the last and Judge DeSoto recommended dismissing the counterclaims pursuant to Rule 41(b).

10

Al'Myra Communications argues that the dismissal recommendation is too extreme and that the Court should consider alternatives such as "extending deadlines or scheduling a status conference." (Doc. 73 at 6). Al'Myra Communications implies but does not explicitly state that the pre-dismissal factors do not weight in favor of dismissal. The bulk of Al'Myra Communications' arguments are related to the merits of its counterclaims, not the reasons it failed to secure counsel or failed to litigate its case. (Doc. 73 at 4, 5, 7, 8). After reviewing the record and the relevant legal authority, the Court finds that Judge DeSoto did not err in recommending the dismissal of Al'Myra Communications' counterclaims.

Here, Judge DeSoto properly considered less drastic alternatives and provided Al'Myra Communications ample time to retain an attorney. As soon as Al'Myra Communications' initial attorney was withdrawn on July 17, 2024, Judge DeSoto gave Al'Myra until August 14, 2024, to advise the Court as to whether it had retained a new attorney. (Doc. 41). As of August 21, 2024, Al'Myra Communications had neither advised the Court nor filed any documentation in the case. (Doc. 44). Judge DeSoto then provided an additional two weeks to comply with the order. (*Id.*). By September 6, 2024, Al'Myra Communications still had not filed a notice of appearance or documentation in the case. Consequently, on September 23, 2024, Josifov motioned for entry of default and requested that

Al'Myra Communications' answer, defenses, and counterclaims be stricken. (Doc. 45). Al'myra Communications never responded and ultimately, Judge DeSoto issued her Findings and Recommendations.

By the Court's count, Judge DeSoto gave Al'Myra Communications 51 days to retain counsel and during that time Al'Myra had no communication with the court. Since Judge DeSoto issued her Findings and Recommendations, she has held a status of conference hearing and Josifov and Al-Hafez have agreed to attend a settlement conference. (Docs. 83, 84). Accordingly, this Court finds that Judge DeSoto considered and provided Al'Myra Communications less drastic alternatives to dismissal—namely, ample amount of time to retain new counsel.

Al'Myra Communications further implies in its objections that dismissing its counterclaims unjustly penalizes it because the case will not be decided on the merits. However, the Court finds that Judge DeSoto committed no error when she reasoned that disposition on the merits appeared unlikely because Al'Myra failed to take the necessary steps to move the case forward. Al'Myra failed to communicate with the Court from July 17, 2024, through November 27, 2024. Without communication, Judge DeSoto had every reason to determine that disposition on the merits was unlikely.

As to the remaining factors, Al'Myra Communications does not establish how or why the record evidence contradicts Judge DeSoto's findings. Thus, Judge

12

Desoto's recommendation to dismiss Al'Myra Communications' counterclaims was proper because Al'Myra failed to comply with Judge DeSoto's orders and otherwise, failed to litigate its case with counsel.

## IV. Conclusion

IT IS SO ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 49) are ADOPTED in full.

IT IS FURTHER ORDERED that Josifov's Motion for Entry of Default (Doc. 45) be GRANTED. Accordingly,

(1) The Court strikes Al'Myra Communications' answer and directs the Clerk of Court to enter default against Al'Myra Communications pursuant to Federal Rule of Civil Procedure 55(a). Accordingly, Josifov has 14 days from the date the Clerk enters default within which to apply for a default judgment under Federal Rule of Civil Procedure 55(b)(2).

(2) The Court strikes Al'Myra Communications' counterclaims pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute and to comply with the Court's orders.

The Clerk of Court is directed to send a copy of this Order by U.S. Mail to Al-Hafez and Al'Myra Communications at:

Al'Myra Communications, LLC
Attn: Tayeb Al-Hafez
560 Haight Street #101
San Francisco, CA 94117

DATED this 22nd day of January, 2025.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge